PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Rick A. Steinberg, Esq.
rsteinberg@pricemeese.com
Attorneys for Plaintiff,
Zim American Integrated Shipping Services Co., LLC
as agent for Zim Integrated Shipping Services Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
| | |
|---|---|
| ZIM AMERICAN INTEGRATED SHIPPING SERVICES CO., LLC AS AGENT FOR ZIM INTEGRATED SHIPPING SERVICES, LTD., | : Civil Action No. : : : |
| Plaintiff, | : : |
| vs. | : : |
| ACORSA USA INC., | : **COMPLAINT** : **IN ADMIRALTY** |
| Defendant. | : |
_____

Plaintiff, Zim American Integrated Shipping Services Co., LLC as agent for Zim Integrated Shipping Services Ltd. ("Plaintiff" or "Zim"), having an office in the United States at 5801 Lake Wright Drive, Norfolk, Virginia 23502, by its attorneys, Price Meese Shulman & D'Arminio, P.C., by way of Complaint against Defendant, Acorsa USA Inc. ("Defendant"), having its principal place of business at 2200 Fletcher Avenue, Suite 702, Fort Lee, New Jersey 07024, avers as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contract(s) within the

1

jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

## FIRST COUNT
### (For Money due Under Tariff & Service Contracts)

2. Zim is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in the Shipping Act and was such a common carrier for the benefit of Defendant.

3. Defendant is and was at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued.

4. Venue is proper in this judicial district because it is where the claim arose and/or because Defendant resides or does business in the district.

5. Zim has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage detention and demurrage with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act. Pursuant to the Shipping Act, Zim is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

6. Zim transported cargo for the benefit of Defendant during 2018-2019 in the foreign commerce of the United States in the course and scope of Defendant's operations. Such transportation and services provided are evidenced by Zim's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference. Zim has fully performed its tariff obligations. A summary of the relevant bills of lading and invoices are attached hereto as Exhibit "A" and made a part hereof.

7. Zim has demanded that Defendant pay the full amount due of $37,169.00.

8. Defendant has knowingly and willfully failed and refused to pay Zim the full amount due.

9. Consequently, Defendant is liable to Zim in the amount of $37,169.00, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
### (Breach of Written Contract)

10. Zim restates and re-alleges the allegations contained in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Said transportation was performed pursuant to written contract(s) of carriage and/or service contracts between Zim and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

12. Zim has fully performed its obligations under said contracts except those obligations, if any, which Zim was excused from performing.

13. Zim has demanded that Defendant pay the amount due under said contracts and the Defendant has refused to pay thereon.

14. Consequently, Defendant is liable to Zim in the amount of $37,169.00, plus reasonable attorney fees and interest thereon.

## THIRD COUNT
### (Unjust Enrichment)

15. Zim restates and re-alleges the allegations contained in paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Defendant has been unjustly enriched by failing to pay the ocean freight, demurrage and/or detention charges in an amount not less than $37,169.00.

## FOURTH COUNT
### (Quantum Meruit)

17. Zim restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. The fair value of the ocean cargo carriage and/or detention and/or demurrage services provided by Zim to Defendant is not less than $37,169.00.

## FIFTH COUNT
### (Account Stated)

19. Zim restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Zim issued the subject bills of lading on behalf of Defendant as shipper or consignee as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

21. Based on the account stated, Zim has been damaged in an amount not less than $37,169.00.

## SIXTH COUNT
### (Attorney Fees)

22. Zim restates and re-alleges the allegations contained in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Based on the contract of carriage, Defendant is liable to Zim for reasonable attorney fees and expenses incurred in collecting any sums due to Zim.

**WHEREFORE**, Plaintiff demands judgment against Zim in an amount not less than $37,169.00, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

> PRICE MEESE SHULMAN & D'ARMINIO, P.C.
> Attorneys for Plaintiff,
> Zim American Integrated Shipping Services Co., LLC

        as agent for Zim Integrated Shipping Services Ltd.

        By:    <u>/s/ Rick A. Steinberg</u>
                   Rick A. Steinberg

Dated: February 19, 2020

## **CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2**

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

        By:    <u>/s/ Rick A. Steinberg</u>
                   Rick A. Steinberg

Dated: February 19, 2020